Freeman, et al. v. NH Dept. of Correc CV-97-072-M    05/29/98

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Leonard Freeman, et al.,
      Plaintiffs

      v.                                        Civil No. 97-72-M

Paul Brodeur, Commissioner,
New Hampshire Department of
Corrections, et al.,
      Defendants


**O R D E R**

Plaintiffs are a group of inmates currently or formerly incarcerated at the New Hampshire State Prison ("NHSP"). They brought this civil action seeking "damages and injunctive relief under 42 U.S.C. § 1983, alleging violations of Constitutional rights, State tort laws, Federal Postal regulations, Federal Copyright laws and this Court's prior orders." Plaintiff's complaint at para. 1. Generally speaking, plaintiffs challenge the manner in which NHSP handles incoming and outgoing prisoner mail, claiming that it is often lost, purposefully misdirected, and opened unlawfully. They also challenge certain aspects of the New Hampshire Department of Corrections Policy and Procedure Directive governing inmate mail service (the "PPD") which, among other things, prohibits inmates from receiving or possessing material which depicts "homosexual acts, bestiality, bondage, sadomasochism, or sex involving children." Among other things, plaintiffs claim that the PPD unreasonably and unlawfully precludes inmates from receiving

publications which contain photographs of nude female models depicted in lesbian love scenes.

By order dated February 5, 1998, the court approved the Magistrate Judge's Report and Recommendation and granted, in part, defendants' motion to dismiss. Specifically, the court dismissed all of plaintiffs' state law tort claims as well as their section 1983 claims for money damages against all defendants in their official capacities. Freeman v. Brodeur, No. 97-72-M, slip op. (D.N.H. February 5, 1998) (document no. 44).

Presently pending before the court is plaintiffs' objection (document no. 51) to the Report and Recommendation issued by the Magistrate Judge, recommending that the court deny plaintiffs' most recent request for a preliminary injunction. Additionally, plaintiffs have moved the court "to toll all deadlines in this matter until such time as the Defendants and their agents cease active interference with the Plaintiffs' preparation and case materials." Plaintiffs' motion (document no. 47) at 1. Finally, defendants have moved to dismiss all plaintiffs who were added to this action pursuant to the court's order dated October 10, 1997. In the alternative, defendants move that each of the newly-added plaintiffs be required to file a more definite statement, in which he specifically identifies the violations of the NHSP mail policy to which he claims to have been subjected. See Fed. R. Civ. P. 12(e).

**Discussion**

A.   <u>Plaintiffs' Objection to Report and Recommendation</u>.

Pursuant to 28 U.S.C. § 636(b)(1), the court reviews <u>de</u> <u>novo</u> those portions of the report and recommendation to which a party has filed a timely objection.  <u>See also</u> Fed. R. Civ. P. 72(b).

The analytical framework which a district court must apply in determining whether to grant or deny preliminary injunctive relief is well established.  The court is required to consider four related factors: "(1) the likelihood of success on the merits; (2) the potential for irreparable harm if the injunction is denied; (3) the balance of relevant impositions, i.e., the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues; and (4) the effect (if any) of the court's ruling on the public interest." <u>Ross-Simons of Warwick, Inc. v. Baccarat, Inc.</u>, 102 F.3d 12, 15 (1st Cir. 1996).

In recommending that the court deny plaintiffs' petition for preliminary injunction, the Magistrate Judge described the essence of plaintiffs' argument as follows:

> When stripped to its core this motion, and much of this case, challenges the constitutionality of a rule which prohibits the receipt by male prisoners of magazines which portray lesbianism.  The explicitness of the lesbian sex in the rejected magazines ranges from photos simply of two nude women to nude women in mild physical contact to very explicit contact between nude women.  There is no doubt the rejected magazines

3

portray lesbianism; lesbianism is homosexual; homosexual portrayals are banned by prison regulations.

Report and Recommendation (document no. 45) at 2.  The Magistrate Judge then concluded that:

> The matters advanced by plaintiffs to show likelihood of success are a disputed claim that the application of the policy is more strict since suit was filed, an assertion that new precedent is on their side, and an argument that portrayals in advertisements shouldn't result in rejections.  None of these arguments if fully credited provides any basis for a finding of likelihood of success on the merits.  Establishing likelihood of success requires a showing that the regulation as it relates to lesbian portrayals is not reasonably related to any legitimate penological interests.  Plaintiffs have wholly failed to do so.  They have shown no likelihood of success and no irreparable harm.  The other factors were not even addressed by plaintiffs.

Id., at 4.

Having reviewed the record de novo, the court agrees with the Magistrate Judge's findings and concludes that plaintiffs have failed to show a reasonable likelihood of success on the merits, any plausible threat of irreparable harm if their requested relief is denied, or that the balance of relative hardships counsels in favor of granting their petition for injunctive relief.

B.   Plaintiffs' Motion to Stay.

Plaintiffs move the court to stay all deadlines in this proceeding "until such time as the Defendants and their agents cease active interference with the Plaintiffs' preparation and

4

case materials." Plaintiffs' motion (document no. 47) at 1. Defendants do not object to a reasonable extension of time so that plaintiffs may meet deadlines. Defendants do, however, object to the remaining relief requested by plaintiffs.

To the extent that plaintiffs seek an extension of all pending deadlines for a reasonable period of time, that request is granted. All deadlines are hereby extended by 60 days. Charitably construed, the remainder of plaintiffs' motion might best be interpreted as a motion for partial summary judgment. Among other things, plaintiffs move the court to make certain factual findings and to issue a number of legal rulings. Their motion does not, however, comply with the federal or local rules governing motions for summary judgment. Among other things, it is not supported by any affidavits or deposition testimony and fails to include a statement of undisputed material facts. Accordingly, the balance of plaintiffs' motion is denied.

C.    Defendants' Motion to Dismiss.

On October 10, 1997, the court (Muirhead, M.J.) granted plaintiffs' motion to join an additional 17 plaintiffs to the suit.[2] Defendants assert that "[a]ll plaintiffs added pursuant to [that order] should be dismissed for failure to state any

---

[2]    Originally, plaintiffs sought to add 18 additional plaintiffs, but one individual expressly disclaimed any interest in participating in this litigation. Accordingly, he was not joined as a party.

5

facts on which their alleged claims are based. Fed. R. Civ. P. 12(b)(6). Alternatively, these plaintiffs should be ordered to file a more definite statement identifying the specific violations of the mail policy which each individual has been subjected to." Defendants' motion to dismiss (document no. 41) at 1. Additionally, defendants move for the dismissal of four plaintiffs who are no longer incarcerated at NHSP.[3]

In support of their motion to join, the recently-added plaintiffs alleged that each had been subjected to one or more of the following:

    a.    theft or loss of their magazines, books, catalogs, and U.S. Mail;

---

[3] Defendants represent that plaintiffs Terry Hammell and Bruce Martin have been released from NHSP and neither has provided the court with a forwarding address. Plaintiff Jaime Lopez has been transferred from NHSP to Strafford County House of Corrections and, therefore, is no longer subject to the challenged NHSP mail rules. Finally, plaintiff Brian Crawford has been paroled and is presently out of state. Defendants seek dismissal of each of these plaintiffs.

Although he has been transferred to another correctional facility, it appears that Jaime Lopez is still in the custody of the State of New Hampshire and is subject to transfer back to NHSP. Accordingly, he may properly remain a plaintiff in this action. Because Brian Crawford has been paroled, he is no longer subject to NHSP mail regulations and, therefore, has no interest in obtaining injunctive relief. However, to the extent that he has stated claims for monetary relief against defendants in their individual capacities (an issue not addressed by defendants), those claims would appear to remain viable. Finally, with regard to plaintiffs Hammell and Martin, because they have been released from the custody of the State and have failed to provide the court with forwarding addresses, they are dismissed as plaintiffs in this action.

6

b.  opening of their privileged mail outside of
    their presence;

c.  loss or unreasonable delay or their legal
    mail;

d.  delivery of their mail by prison staff to
    other inmates;

e.  staff confiscation of previously approved
    magazines and/or books;

f.  refusal to accept mail (returned to sender);
    and

g.  unconstitutional censorship of incoming
    publications.

Plaintiffs' motion to join additional parties (document no. 33) at para. 2. Again, viewing plaintiffs' allegations in a charitable light, they arguably state § 1983 claims for alleged deprivations of rights protected by federal law and/or the United States Constitution. And, as previously noted by the court (Muirhead, M.J.), the recently-added plaintiffs have complied with the requirements of Rules 19 and 20 of the Federal Rules of Civil Procedure. Defendants' motion to dismiss is, therefore, denied. However, pursuant to Fed. R. Civ. P. 12(e), each of the recently-added plaintiffs is directed to file, on or before August 14, 1998, a more definite statement of his specific claims. Among other things, each plaintiff shall describe in detail:

a.  the precise nature and legal basis for his
    federal claims (i.e., those rights sought to
    be vindicated under 42 U.S.C. § 1983);

7

b.  the specific conduct in which defendants are
    alleged to have engaged which gives rise to
    the plaintiff's <u>federal</u> claim(s);

c.  the dates on which such conduct allegedly
    occurred; and

d.  the individuals who allegedly engaged in that
    conduct.


## Conclusion

For the foregoing reasons, plaintiffs' objection to (and implicit motion that the court decline to accept) the Report and Recommendation issued by the Magistrate Judge on February 10, 1998 (document no. 51) is denied. Plaintiffs' request for preliminary injunction (document no. 37) is denied.

Plaintiffs' motion to stay all proceedings and toll all deadlines (document no. 47) is granted in part and denied in part. All existing deadlines in this proceeding shall be extended by 60 days to insure that plaintiffs have ample time to prepare their filings. In all other respects, that motion is denied. Finally, defendants' motion to dismiss or, in the alternative, for a more definite statement (document no. 41) is granted in part and denied in part. To the extent it seeks dismissal of all of the recently added plaintiffs, the motion is denied. It is, however, granted with respect to plaintiffs Hammell and Martin, who are no longer in the custody of the State and who have failed to provide the court with forwarding addresses. Pursuant to Fed. R. Civ. P. 12(e), the remaining

8

recently-added plaintiffs shall file a more definite statement, as specified above.

**SO ORDERED**

_____
Steven J. McAuliffe
United States District Judge

May 29, 1998

cc:  William E. Lepine
     Steven Roy
     John Clancy
     Jaime Lopez
     Francis Pierce, Jr.
     Marc Adams
     Gilbert Dias
     Karl Sagar
     Michael Hammell
     Henry Holt
     Brian Crawford
     Raven Dodge
     Darren F. Starr
     Ernest Therrien
     Bruce Martin
     Sean D. Smith
     Wayne Perry
     Charles W. Drenas, Jr.
     Randy Duquette
     Terry L. Hammell
     Mark Pinault
     William Seymour
     Nancy J. Smith, Esq.